**Frank Robin OWENS, Petitioner–Appellant,**

v.

**A. LAMARQUE, Respondent–Appellee.**

No. 07–56113.

United States Court of Appeals, Ninth Circuit.

tion and is not precedent except as provided

Submitted June 3, 2008.*

Filed June 26, 2008.

by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Paul G. Rosenblatt, United States District Judge for the District of Arizona, sitting by designation.

Linda L. Griffis, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

John Yang, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON and BEA, Circuit Judges, and ROSENBLATT,** District Judge.

## MEMORANDUM ***

Frank Owens, a California state prisoner, appeals from the district court's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges his 1999 jury trial conviction for making terrorist threats and resisting an officer. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's ruling on the merits of a habeas corpus petition, *Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003), and we affirm.

Owens contends that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed sufficiently to investigate and present a defense that Owens could not form the intent required for the crimes.[1] The district court held an evidentiary hearing

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the procedural and factual history of this case, we will not recount it here.

568

and found that Owens' trial counsel reasonably decided to avoid a mental state defense in order to prevent the introduction of Owens' prior convictions, as well as evidence that Owens was malingering and that the experts' opinions were conflicting in certain respects. The district court further found that the "low threshold for satisfying the specific intent elements for the charged offenses also reasonably factored into trial counsel's decision." Although the district court concluded that counsel's investigation was sufficient, it went on to conclude that, even if counsel had acted unreasonably, Owens suffered no prejudice. We agree with the district court.[2]

Habeas relief is not warranted because Owens failed to demonstrate that his attorney's performance fell "outside the wide range of professionally competent assistance" or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

---

2.  We also agree with the district court's conclusion that the findings of the Los Angeles Superior Court are not entitled to deference under 28 U.S.C. § 2254(e)(1), because the Superior Court did not conduct an evidentiary hearing. Accordingly, we review the district court's factual findings for clear error. *See Nunes,* 350 F.3d at 1051.